IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BANNER BANK, a Washington banking corporation,<br><br>Plaintiff,<br><br>v.<br><br>FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-CV-00200-BSJ<br><br>District Judge Bruce S. Jenkins |

On November 30, 2016, Defendant First American Title Insurance Company filed a motion for summary judgment and memorandum in support thereof.[1] Plaintiff Banner Bank filed an opposition response on January 3, 2017.[2] First American Title Insurance Company filed a reply on January 17, 2017.[3]

Plaintiff also filed its own motion for summary judgment and memorandum in support thereof on December 1, 2016.[4] Defendant First American Title Insurance Company filed an opposition response on December 29, 2016.[5] Banner Bank filed a reply on January 17, 2017.[6]

---

[1] *See* First American Title Insurance Co.'s Mot. for Summary Judgment and Mem. in Supp., filed Nov. 30, 2016 (CM/ECF No. 25) [First American's Motion for Summary Judgment].

[2] *See* Plf.'s Opp. to First American Title Insurance Co.'s Mot. for Summary Judgment and Supp. Mem., filed Jan. 3, 2017 (CM/ECF No. 40) [hereinafter Banner Bank's Response to First American's Motion for Summary Judgment].

[3] *See* First American Title Insurance Co.'s Reply Mem. in Supp. of its Mot. for Summary Judgment, filed Jan. 17, 2017 (CM/ECF No. 45) [hereinafter First American's Reply to its Motion for Summary Judgment].

[4] *See* Plf.'s Mot. for Summary Judgment and Supp. Mem., filed Dec. 1, 2016 (CM/ECF No. 28) [hereinafter Banner Bank's Motion for Summary Judgment].

[5] *See* First American Title Insurance Co.'s Opp. to Banner Bank's Mot. for Summary Judgment, filed Dec. 29, 2016 (CM/ECF No. 36) [hereinafter First American's Response to Banner Ban's Motion for Summary Judgment].

[6] *See* Reply in Supp. of Plf.'s Mot. for Summary Judgment, filed Jan. 17, 2017(CM/ECF No. 47) [hereinafter Banner Bank's Reply to its Motion for Summary Judgment].

Both motions for summary judgment came before the court for a hearing on January 31, 2017.[7] Steven W. Call and Jonathan A. Dibble appeared on behalf of Plaintiff Banner Bank.[8] Sara E. Bouley and Scott E. Gizer appeared on behalf of Defendant First American Title Insurance Company.[9] At the close of oral argument, the court reserved on the matter.[10]

Having considered the parties' briefs, the arguments of counsel, and the relevant law, the court hereby GRANTS Plaintiff's summary judgment motion on the First, Second, and Third Claims for Relief and DENIES Defendant's summary judgment motion on those same three issues. As to the Fifth Claim for Relief, this issue is academic and need not be decided.

## BACKGROUND

Wendell Jacobson ("Jacobson") obtained a line of credit from American West Bank, which at the time did business in Utah as Far West Bank[11] (the "Bank") in March 2007.[12] He originally executed a Promissory Note in favor of the Bank in the amount of $1,000,000.[13] In April 2007, Mr. Jacobson executed a Change in Terms Agreement which increased the principal loan obligation to $5,000,000.[14] In connection therewith, Mr. Jacobson and the Bank executed a Business Loan Agreement on June 15, 2009.[15] On the same day Mr. Jacobson, as part of the transaction, also executed a new loan document in the amount of $5,000,000 entitled Change in Terms Agreement.[16]

---

[7] *See* Minute Entry, filed Jan. 31, 2017 (CM/ECF No. 50).
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] American West Bank did business in Utah as Precision Bank and Far West Bank. American West Bank merged with Banner Bank. *See* Complaint, filed Mar. 11, 2016 (CM/ECF No. 2).
[12] Banner Bank's Motion for Summary Judgment, *supra* note 4, at vi.
[13] *Id.*
[14] *Id.*.
[15] *Id.*
[16] *Id.* at vii.

In order to provide additional security for the five million dollar loan, Mr. Jacobson, purportedly acting for High Star Ranch, LLC and Management Masters, LLC, executed a Trust Deed for three parcels of land situated in Utah (the "High Star Trust Deed").[17] The Bank ordered a policy of title insurance (the "insurance policy") on the High Star Trust Deed which was issued by First American Title Insurance Company.[18]

On January 16, 2013, the High Star Trust Deed was the subject of a lawsuit filed in this court: *John A. Beckstead v. Far West Bank*, case no. 2:13-cv-00038-BSJ (the "Receiver's Action"). The Receiver's Action was brought by John Beckstead, pursuant to his then existing appointment as Receiver in the related enforcement action *Security and Exchange Commission v. Management Solutions, et al.*, case no. 2:11-cv-01165-BSJ (the "SEC Action"), wherein the SEC alleged that Jacobson and various entities controlled or managed by him, including Management Solutions, Inc. ("MSI"), were involved in a Ponzi scheme.

On January 23, 2013, the Bank through its attorneys sent First American Title Insurance Company ("First American") a notice of claim letter requesting that it defend and indemnify the Bank with regard to the Receiver's Action.[19] First American denied coverage in a letter dated March 13, 2013. It explained that "the Receiver requests that the insured deed of trust be avoided pursuant to the Utah Uniform Fraudulent Transfer Act because the transfer was made to hinder, delay or defraud creditors,"[20] and that this claim was excluded from coverage under Exclusion 6 of the insurance policy.

---

[17] Banner Bank's Motion for Summary Judgment, *supra* note 4, at vii.
[18] *Id.* at ix-xi.
[19] *Id.*; *see also* Appendix of Exhibits to: Banner Bank's Motion for Summary Judgment Against First American Title Insurance Co., filed Dec. 1, 2016 (CM/ECF No. 29) [hereinafter Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment], ex. 23 "Notice of Claim Letter".
[20] *See* Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 24 "Denial of Claim ltr".

On April 19, 2013, the Bank sent a second letter requesting that First American review the matter. Among other things, the letter explained that the Receiver's Complaint alleged "neither [MSI] nor Wendell Jacobson was duly authorized to execute the [High Star Trust Deed] on behalf of High Star and Management Masters,"[21] and therefore the Receiver's Complaint implicated the insurance policy because it concerned the "failure of any person or Entity to have authorized a transfer or conveyance."[22]

After reviewing the second letter over a period of about four months, on August 8, 2013, First American sent the second denial letter to Plaintiff. The letter reiterated that the Receiver's Complaint "seeks relief for 'the benefit of MSI's creditors and investors on whose behalf the Receiver acts' pursuant to the Utah Code Ann. §25-6-1, et seq. (known as the 'Uniform Fraudulent Transfer Act') by asking the Court to 'avoid the Transfer'," which is excluded by Exclusion 6 of the insurance policy.[23] That letter did not in any way deal with the allegations of lack of authority set forth in the second demand letter.

After litigation in the Receiver's Action, the Bank and the Receiver entered a settlement agreement wherein the Bank paid the Receiver $675,000 in exchange for a release of the claims concerning the High Star Trust Deed.[24]

Thereafter, American West Bank merged with Banner Bank,[25] and the Bank commenced the current action against First American to recover under the High Star Trust Deed insurance policy (i) $675,000 for the settlement payment, and (ii) $159,288 for legal expenses involved.[26]

---

[21] *Id.*, ex. 25 "Notice of Claim ltr", at 2.
[22] *Id.*, ex. 17 "Loan Policy 2009", § 9(b).
[23] *See* Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 26 "Denial Ltr".
[24] *See id.*, ex. 30 "Settlement AG between Receiver and Banner", at 4.
[25] Complaint, filed Mar. 11, 2016 (CM/ECF No. 2) [hereinafter Complaint], at ¶ 1.
[26] *Id.* at 16-17.

In the current action, Banner Bank requests that the court: (i) find there was a duty to defend and indemnify; (ii) find that there was a breach of contract due to failure to defend and indemnify; (iii) find that there was a breach of the implied covenant of good faith and faith dealing; and (iv) grant the contingent claim that there was a breach of contract because the insurance policy was allegedly inconsistent with the commitment for title insurance.[27]

## DISCUSSION

The issues in this case involve the insurance policy. Indeed, the commitment dated June 11, 2009, states "[First American's] obligations under this Commitment will end when the Policy is issued and then [First American's] obligation to [the Bank] will be under the Policy."[28] The insurance policy, which was a standard ALTA 2006 Extended Lender's policy for $5,000,000, was identified in the commitment.[29] The Plaintiff's cause of action related to an alleged contradicting commitment is dismissed with prejudice.

The operative issue in this case is whether First American had a duty under the insurance policy to defend and/or indemnify American West Bank in the Receiver's Action against the Bank. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[30]

The court finds that First American had a duty to defend American West Bank because the Receiver's Complaint alleged a risk that was covered by the insurance policy. The insurance policy states:

> [First American] shall provide for the defense of an Insured in litigation in which any third party asserts a claim covered by this policy adverse to the Insured. This obligation is limited to only

---

[27] *Id.* at 9-15.
[28] *See* Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 16 "High Star Commitment", at 1.
[29] *Id.* at 2.
[30] Fed. R. Civ. P. 56(a).

5

those stated causes of action alleging matters insured against by this policy.[31]

Under Utah law, "[a]n insurer's duty to defend is determined by reference to the allegations in the underlying complaint. When those allegations, if proved, could result in liability under the policy, then the insurer has a duty to defend."[32] If there are covered and non-covered claims in a lawsuit, "the insurer is obligated to provide a defense to the entire suit, at least until it can limit the suit to those claims outside of the policy coverage."[33]

One of the covered risks of the insurance policy is:

> 9. The invalidity or unenforceability of the lien of the Insured Mortgage upon the Title. This Covered Risk includes but is not limited to insurance against loss from any of the following impairing the lien of the insured Mortgage . . . (b) *failure of any person or Entity to have authorized a transfer or conveyance*. . . .[34]

Among other things, the Receiver's Complaint alleged that the High Star Trust Deed was invalid and unenforceable because it was an unauthorized conveyance. Paragraph 9 of the Receiver's Complaint states "[t]he Receiver disputes the validity of the Deed of Trust securing the Line of Credit."[35] In his second claim letter of April 19, 2013, the last paragraph on page two,[36] counsel for the Bank provides his reading of the ambiguous Receiver's Complaint. That paragraph states as follows:

> However, if neither [MSI] nor Wendell Jacobson was duly authorized to execute the trust deeds on behalf of High Star and Management Masters, the Receiver's claims to avoid those trust deeds would be insured under the lender policy based upon the

---

[31] Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, supra note 19, ex. 17 "Loan Policy 2009", at 3, condition 5 "Defense and Prosecution of Actions".
[32] *Nova Casualty. Co. v. Able Construction., Inc.*, 983 P.2d 575, 578 (Utah 1999).
[33] *Benjamin v. Amica Mutual insurance Co.*, 140 P.3d 1210, 1216 (Utah 2006) (citations and quotations omitted).
[34] Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 17 "Loan Policy 2009", at § 9(b) (emphasis added).
[35] *Id.*, ex. 22 "Complaint Beckstead v FWB", ¶ 9.
[36] *Id.*, ex. 25 "Notice of Claim ltr", at 2.

> *"failure of any person or Entity to have authorized a transfer or conveyance."*[37]

"The implied covenant of good faith and fair dealing . . . inheres in all insurance contracts."[38] "'[T]he implied obligation of good faith performance contemplates, at the very least, [1] that the insurer will *diligently investigate* the facts to enable it to determine whether a claim is valid, [2] will *fairly evaluate* the claim, and [3] will thereafter act promptly and *reasonably* in rejecting or settling the claim.'"[39]

This letter was sent on April 19, 2013, after the original request to defend had been received and after counsel for the Bank had the opportunity to evaluate the nature of the Receiver's Complaint. First American took almost 4 months to simply respond and did not investigate, nor evaluate the Bank's reading of the Receiver's Complaint highlighted in the April 19th letter.[40]

Finally, recital G of the settlement agreement between the Receiver and the Bank emphasizes the nature of this reading and states:

> The Receiver has asserted in the litigation that Jacobson was managing various businesses as a Ponzi scheme and that the Trust Deeds conveyed to secure the Line of Credit established by American West *were conveyed without authorization by the trustors* making those conveyances and that the conveyances were

---

[37] *Id.*

[38] *U.S. Fid. v. U.S. Sports Specialty*, 270 P.3d 464, 470 (Utah 2012).

[39] *Blakely v. USAA Cas. Ins. Co.*, 633 F.3d 944, 948 (10th Cir. 2011) (quoting Beck, 701 P.2d 795, 801 (Utah 1985) (emphasis added)).

[40] In the second denial letter, dated August 8, 2013, First American did not address counsel's opinion of the implicit content of the complaint which alleged that the High Star Trust Deed was invalid and unenforceable because it was an unauthorized conveyance. Instead, the second denial letter reiterated that the UFTA claims were excluded from coverage by Exclusion 6. In the last paragraph of page 1 of this letter it states:
> [I]n reviewing the four-corners of the complaint the plaintiff seeks relief for "the benefit of MSI's creditors and investors on whose behalf the Receiver acts" pursuant to the Utah Code Ann §25-6-1, et seq. (known as the 'Uniform Fraudulent Transfer Act') by asking the Court to 'avoid the Transfer'. Therefore, as described in Ms. Frano's March 13, 2013 letter, paragraph 6 of the Exclusions from Coverage [of] the title policy applies and thus the insured's tender of defense is hereby denied.

See Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 26 "Denial Ltr".

part of an overall and continuing fraud operated by Jacobson and the companies managed or controlled by him.[41]

The Receiver's Complaint says what it says. The Bank's second letter says what it says. As the matter progressed, the Receiver's Complaint was read by counsel for the Bank to raise the question of authority to execute the High Star Trust Deed. This reading was emphasized in counsel's second letter to First American found on page 2, the last paragraph,[42] and was the subject of the actual settlement agreement entered into by the Bank and the Receiver.[43]

First American had a duty to defend under provision 9(b) of the insurance policy the allegation that the High Star Trust Deed was invalid and unauthorized. First American breached the duty to defend American West Bank in the Receiver's Action.

Exclusion 6 does not exempt First American from its duty to defend in this case. Exclusion 6 applies to "fraudulent conveyance or fraudulent transfer" pursuant to "federal bankruptcy, state insolvency or similar creditors' rights laws."[44] The allegation that the High Star Trust Deed was invalid and unenforceable because it was an unauthorized conveyance does not come within the exclusion. The SEC Action's seeking appointment of a Receiver was justified because of alleged "violations of the Securities Act of 1933, the Exchange Act of 1934 and Rule 10(b) and 10b-5 and the Defendants' fraudulent [Ponzi] activities."[45]

The duty to indemnify is a "contractual one" that is dictated by the insurance policy provisions.[46] In order to establish prima facie breach of contract, there must be "(1) a contract,

---

[41] *See* Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 30 "Settlement AG between Receiver and Banner" (emphasis added).
[42] *See supra* note 36.
[43] *See supra* note 41.
[44] Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 17 "Loan Policy 2009", at 2, exclusion 6.
[45] Banner Bank's Reply to its Motion for Summary Judgment, *supra* note 6, at 6 (citing Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 20 "SEC Complaint", ¶¶ 1-79).
[46] *Fire Ins. Exch. v. Estate of Therkelsen*, 27 P.3d 555, 559 (Utah 2001).

8

(2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[47]

The insurance policy provides that "[t]his policy is a contract of indemnity against actual monetary loss or damage sustained or incurred by the Insured Claimant who has suffered loss or damage by reason of matters insured against this policy."[48] It is undisputed that: (i) a contract existed between the parties; (ii) American West Bank performed under the contract by paying its premiums; and (iii) actual damages were sustained by American West Bank when it paid $675,000 to settle with the Receiver and incurred $159,288 in legal expenses in defending the lawsuit brought by the Receiver. The question that remains is whether the Bank's damages should be indemnified. The short answer is yes. First American breached the insurance policy when it failed to defend and indemnify the Bank for monies paid in the settlement as well as legal expenses incurred in defending the Receiver's Action.

---

[47] *American West Bank Members, L.C. v. State*, 342 P.3d 224, 230-31 (Utah 2014).
[48] Appendix of Exhibits to Banner Bank's Mot. for Summary Judgment, *supra* note 19, ex. 17 "Loan Policy 2009", at 3, condition 8 "Determination and Extent of Liability".

## CONCLUSION

For the reasons stated, the court finds that First American Title Insurance Company breached its duty to defend and indemnify American West Bank. Plaintiff is entitled to damages in the sum of $675,000 and costs and expenses in the amount of $159,288 plus interest at the legal rate.

Consistent with these findings and limited thereby, the court hereby GRANTS Plaintiff's summary judgment motion on the First, Second, and Third Claims for Relief and DENIES Defendant's summary judgment motion related to those same issues. The Fourth Claim for Relief is subsumed into the findings concerning the express terms of the contract. As to the Fifth Claim for Relief, this issue need not be decided for reasons addressed in first paragraph under the "Discussion" section. Let judgment be entered accordingly.

DATED this 10th day of April, 2017.

Bruce S. Jenkins
United States District Judge